IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| NATHAN HALES | * | |
| | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | No. 4:22-cv-01078-JJV |
| | * | |
| ROBERT WAKEFIELD, | * | |
| Administrator, Lonoke County Jail, *et al.,* | * | |
| | * | |
| Defendants. | * | |

## MEMORANDUM AND ORDER[1]

**I.     DISCUSSION**

Nathan Hales ("Plaintiff") is a pretrial detainee at the Lonoke County Detention Facility who has filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983. (Doc. 2.) Plaintiff says in October 2022, Defendants Jail Administrator Robert Wakefield, Officer M. Dukes, and Deputy Sheriff Bowers intentionally subjected him to inhumane conditions of confinement to punish him for getting into a fight with another detainee. (*Id*.) I conclude, for screening purposes only, he has pled a plausible inhumane conditions claim against Defendants Wakefield, Dukes, and Bowers in their personal capacities only.[2] These three Defendants have already filed an Answer regarding that claim, and an Initial Scheduling Order has been entered

---

[1] I previously entered a Partial Recommended Disposition screening the Complaint pursuant to 28 U.S.C. § 1915A. (Doc. 5.) But before it was acted upon, the parties consented to my jurisdiction. (Doc. 13.) Thus, the Partial Recommended Disposition is withdrawn and this Order is entered in its place.

[2] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

1

(Docs. 7, 9.) However, for the following reasons, I find the remainder of the Complaint fails to plead plausible claims.

First, Plaintiff says Defendants violated "Due Process" and subjected him to "cruel and unusual punishment" when they forced him to live in inhumane conditions. (Doc. 2 at 6.) Because he was a pretrial detainee at the time of the alleged violations, Plaintiff's inhumane conditions claim falls under the due process clause of the Fourteenth Amendment, and not the cruel and unusual punishment clause of the Eighth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 906-07 (8th Cir. 2020). And the Complaint does not otherwise contain a plausible Eighth Amendment claim.

Second, Plaintiff makes the conclusory statement, without any factual support, that he endured discrimination. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("labels and conclusions," "a formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face"). "The Equal Protection Clause generally requires the government to treat similarly situated people alike." *In re Kemp*, 849 F.3d 900, 909 (8th Cir. 2018). To plead a plausible equal protection claim, a prisoner must allege: (1) he was treated differently from similarly situated inmates; and (2) the different treatment was the result of intentional and purposeful racial discrimination. *See In re: Kemp*, 894 F.3d at 909-10; *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 815 (8th Cir. 2008). Because the Complaint does not contain any such facts, Plaintiff has not pled a plausible equal protection claim.

Third, Plaintiff says when he released from segregation, most of his personal property was missing from his pod. The United States Supreme Court has held that a prisoner cannot bring a

§ 1983 due process claim for the intentional or negligent loss of his personal property, as long as the State provides a post-deprivation remedy to address the property loss. *See Hudson v. Palmer*, 468 U.S. 517, 533-6 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981). Arkansas provides such a post-deprivation remedy by allowing Plaintiff to file a conversion action, in state court, against the individuals who were responsible for the loss of his personal property. *See Bausley v. Dugan*, Case No. 04-2642, 2004 WL 2291373 (8th Cir. Oct. 13, 2004); *Carniglia v. Dearmon*, Case No. 01-1852, 2001 WL 878347 (8th Cir. Aug. 6, 2001). Because Plaintiff has that adequate post-deprivation remedy available to him, he has not pled a viable due process claim regarding the loss of his personal property.

Fourth, Plaintiff says Defendants did not answer his grievances. However, a prison official's failure to properly process a grievance, standing alone, is not actionable under § 1983. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Thus, this allegation is not a plausible claim.

Finally, Plaintiff has also sued Defendants in their official capacities, which "must be treated as a suit against the County." *Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018). Lonoke County cannot be held vicariously liable for constitutional violations committed by its employees. *See Id.* Instead, Lonoke County can only be held liable if the constitutional violation resulted from: "(1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Jackson v. Stair*, 944 F.3d 704, 709 (8th Cir. 2019); *Corwin v. City of Independence, MO.*, 829 F.3d 695, 699 (8th Cir. 2016). Because the Complaint does not contain any such allegations, Plaintiff has not pled any plausible official capacity claims.

Importantly, I have previously brought these pleading deficiencies to Plaintiff's attention, given him thirty days to file an Amended Complaint curing them, and cautioned him I would

recommend dismissal if he failed to do so.  (Doc. 3.)  The time to file an Amended Complaint has expired.

## II.     CONCLUSION

IT IS, THEREFORE, ORDERED that:

1. The January 11, 2023 Partial Recommended Disposition (Doc. 5) is withdrawn.

2. Plaintiff may proceed with his inhumane conditions claim against Defendants Wakefield, Dukes, and Bowers in their personal capacities only.

3. All other claims in the Complaint (Doc. 2) are DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

4. It is certified pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

Dated this 16th March 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE